# Richmond

PAT O'BRIEN v. COMMONWEALTH OF VIRGINIA.

January 16, 1936.

Present, All the Justices.

The opinion states the case.

*W. H. Starkey,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Joseph L. Kelly, Jr., Special Assistant,* for the Commonwealth.

CHINN, J., delivered the opinion of the court.

Pat O'Brien was convicted in the Corporation Court of the city of Norfolk, upon the charge of violating section 4675 (50) of the Code of Virginia (Supp. 1934), and sentenced to serve sixty days in jail and to pay a fine of $100.

Section 4675 (50) of the Code Supp. 1934 (section 50 of the Alcoholic Beverage Control Act, Acts 1934, page 100, chapter 94, commonly referred to as "the ABC Act") is as follows:

"If any person, other than a common carrier, shall have, possess, keep, carry, ship or transport alcoholic beverages which are acquired by such person or any person for whom he is acting in violation of the provisions of this act he shall be guilty of a misdemeanor."

The aforesaid act creates the Department of Alcoholic Beverage Control, consisting of the Virginia Alcoholic Beverage Control Board, its officers and employees, and prescribes its functions, duties, and powers.

Section 5 of the act (Code Supp. 1934, section 4675 (5)) provides:

"(a) The Board may from time to time make such regulations not inconsistent with this act as the Board shall deem necessary for carrying out the provisions of this act, and from time to time, alter, repeal, or amend such regulations or any of them. Such regulations shall be published at least once in some newspaper published in the city of Richmond and in any other manner which the Board may deem advisable, and upon being so published shall have the force and effect of law.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"(c) *Prima facie* evidence of any such regulation may be given in all courts and proceedings by the production

of what purports to be an officially printed copy of such regulation, alteration, repeal or amendment."

The agreed statement of facts set forth in the record, so far as pertinent, reads as follows:

"Police Officer Franks, on behalf of the Commonwealth, stated that he and Officer Almond in a closed city car chased, and over a number of blocks were unable to catch, Pat O'Brien, who with another occupant, was driving a car east on Princess Anne avenue, and finally turned south into Cook street in the city of Norfolk.

"That when the car driven by O'Brien with his passenger turned into Cook street, the pursuing police car driven by said Police Officer Franks, was 100 feet east of said Cook street, on Princess Anne avenue, and that when they reached the intersection of said Cook and Princess Anne avenue and proximately 100 feet from them on Cook street, and at that time Police Officer Franks stated that he did not see a man get out of the car, but did see a man standing beside the car with a grass sack bag, and only one man left in the car where two had been. Officer Almond, who was riding with Officer Franks, stated that he saw the man get out of the car with a bag, which he afterwards found in a vacant lot, and that it contained a five-gallon jug of whiskey, and that the man ran with said jug and he after him, for on or about sixty feet; but could not catch him.

"On cross-examination it developed that both he, Almond, and Officer Franks were sitting on the front seat, he on the left and Almond on the right.

"The Commonwealth attorney questioned the police officer as follows:

" 'Were there any stamps or seals on the bottle?'

"The officer answered, 'None.'

"There was no evidence of any kind introduced to establish the fact that the ABC Board had promulgated any rule or regulation concerning the affixing of stamps to bottles containing intoxicating liquor, and there was no evidence of any kind as to what kind of stamp the ABC

Board had adopted as the official stamp to signify the fact that the liquor contained in any bottle having the stamp affixed was a bottle containing legal liquor according to the rules of the ABC Board.

"The Commonwealth argued without instructions or objection that if the jury believed that the defendant transported ardent spirits in a container without stamps or seals that they might find him guilty."

The defendant moved to strike out the evidence on the ground that the Commonwealth had not proved its case, which motion was overruled, and after the verdict a motion for a new trial was made upon the same ground, but it was not until after the verdict that the question of proof of the regulations was raised. The rulings of the court in refusing to strike out the evidence, and in denying the defendant's motion for a new trial are assigned as error.

It is stated in the petition that since the evidence did not disclose that the ardent spirits were illegally acquired in violation of the ABC law, the conviction could only have been based upon some rule or regulation of the Alcoholic Beverage Control Board, which was not shown in any way.

The record fails to show that any regulation had been adopted by the ABC Board, but the brief of the Attorney-General sets forth what purports to be "Order No. 110, promulgated by the Virginia Alcoholic Beverage Control Board," as follows:

"1. No distilled spirits shall be transported from one point in the State of Virginia to another point in the State of Virginia, except in accordance with these regulations:

"2. Transportation of distilled spirits from one point in the State of Virginia to another point in the State of Virginia in amounts of one gallon or less may be done without permit in writing from the Virginia Alcoholic Beverage Control Board in the following cases:

"(a) Where the distilled spirits have been lawfully ac-

quired by the person transporting same, and are in a container upon which there appears the required government stamps or seals. Transportation of distilled spirits in containers upon which no such stamps appear shall be *prima facie* evidence of the fact that the distilled spirits were unlawfully obtained."

It is contended by the defendant (1), that the Alcoholic Beverage Control Board was without power to pass any regulation changing established rules of evidence, that being the sole province of the legislature; and (2) that even if the Board had such power it was incumbent upon the Commonwealth to show that such a regulation had been regularly and legally adopted, and put into effect.

In view of the state of the record, we deem it only necessary to consider the last of the above propositions—in fact, that question is the only one that can properly be considered by this court. As stated, the record shows that the trial in the court below was conducted not only without any proof that the regulation set forth in the brief of the Attorney-General had been adopted by the Board, but without evidence of any sort of the existence of such regulation, or its terms, except what was stated to the jury by the Commonwealth's attorney in argument.

It is asserted that the trial court could take judicial notice of a regulation that had been adopted by the Board. While, as a general rule courts take judicial notice of general statutory laws, they are not required, and cannot be expected, to take such notice of the rules and regulations of an administrative body, as that in the case here. Nor can the trial court or this court assume that the Board has adopted any particular regulation as to which there is an entire lack of proof. The statute itself provides how regulations adopted by the Board may be proved, and manifestly contemplates that at least the *prima facie* evidence therein mentioned shall be produced.

We think, therefore, it was a prejudicial error on

the part of the court to permit the Commonwealth's attorney to base his argument upon a regulation which had not been proved, and the jury to convict thereon without such proof. For that reason, we are of the opinion that the judgment of the lower court should be reversed, and the cause remanded for such further proceedings not inconsistent herewith as the Commonwealth may be advised.

*Reversed and remanded.*