# Richmond

## C. M. MILLER V. COMMONWEALTH OF VIRGINIA.

April 10, 1939.

Record No. 2108.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Spratley, JJ.

The opinion states the case.

*J. Easley Edmunds, Jr.*, and *Paul Whitehead*, for the plaintiff in error.

*Abram P. Staples, Attorney-General*, and *Joseph L. Kelly, Jr., Assistant Attorney-General*, for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

This case presents for our consideration the question whether the presumption created by Virginia Code 1936, section 4675 (50), as amended in 1938 (chapter 234), is a conclusive presumption, or is merely a presumption subject to be rebutted by evidence of opposing or explanatory facts.

In September, 1938, an indictment containing three counts was returned against C. M. Miller, the defendant. The three counts charged him with: (1) unlawfully transporting alcoholic beverages illegally acquired by him, and having in his possession at the time of such transportation two firearms; (2) unlawfully transporting alcoholic beverages illegally acquired by him; and (3) unlawfully possessing alcoholic beverages which had been illegally acquired.

Upon the trial only one witness,—a witness for the Commonwealth,—testified. He was the police officer who made the arrest. The bare, pertinent evidence may be summarized as follows:

The defendant, C. M. Miller, at one a. m., on July 24, 1938, was sitting in his automobile in front of a negro dance hall, which was then in operation. A State police officer arrived on the scene, and asked the defendant for the key to the dash-compartment of his automobile. The defendant gave the excuse that he had left the key at home, but was later discovered taking it from his pocket. He voluntarily gave the key to the officer, who, after opening the compartment, found two loaded revolvers and a quart fruit jar containing a pint or a pint and one-half of whiskey or brandy, or both. There were no government stamps or seals on the fruit jar. The defendant was thereupon arrested.

At the conclusion of the evidence for the Commonwealth, the defendant moved the trial court to strike the evidence, the principal grounds for the motion being the same grounds of error assigned upon appeal here. This motion was overruled. The defendant then rested his case, without introduction of evidence, and renewed his motion to strike the evidence upon the grounds theretofore assigned. Exceptions were taken to the action of the trial court in overruling this motion.

Five instructions were given to the jury at the request of the Commonwealth, and ten at the request of the defendant. The instructions covered general principles of criminal law and all of the phases of the case, including one specifically relating to the measure of proof sufficient to convict

the defendant of the offense charged. The objection to the last-mentioned instruction forms the basis for the several grounds of the principal error complained of.

The jury found the accused guilty of the unlawful possession of alcoholic beverages as charged in the third count of the indictment, and fixed his punishment at a fine of $500 and confinement in jail for six months.

The assignment of error is that the verdict is contrary to the law and the evidence, and without sufficient evidence to sustain it, for the following reasons: That Virginia Code 1936, section 4675 (50) is unconstitutional and void; that the third paragraph of that section repeals the second paragraph; and, therefore, it must be shown that more than one gallon of alcoholic beverages were possessed without government stamps before any presumption of illegal acquisition arises; and that there was no proof as to what government stamps were required to be upon the container.

Virginia Code 1936, section 4675 (50), as amended by the General Assembly in 1938 (chapter 234), is in the following language:

"If any person, other than a common carrier, shall have, possess, keep, carry, ship or transport alcoholic beverages which have been illegally acquired by such person or any person for whom he is acting, he shall be guilty of a misdemeanor.

"Spirits in the possession of any person and in containers not bearing the required government stamps or seals shall be deemed for the purposes of this act to have been illegally acquired.

"Alcoholic beverages in the possession of any person in amounts in excess of one gallon, in containers not bearing stamps or other evidence showing the same to have been purchased from the board or a person licensed to sell the same under the provisions of this act or other evidence that the tax due to the Commonwealth of Virginia or the markup required by Virginia Alcoholic Beverage Control Board has been paid, shall be deemed for the purposes of this act to have been illegally acquired."

■ The first paragraph of this section deals with the offense of unlawful possession. It provides that the possession of alcoholic beverages, which have been illegally acquired, shall be a misdemeanor. It is a rule of substantive law. It does not declare a rule of evidence. Both proof of possession and proof of illegal acquisition must be produced to constitute the crime.

The second and third paragraphs declare a rule of evidence to establish proof of an essential element of the crime defined in the first paragraph. Both of these paragraphs relate to the weight and value to be attached to a certain circumstance as evidence, or proof of the means or source of acquisition of alcoholic spirits or beverages.

Prior to an amendment in 1938, the second paragraph of the above section contained the words *"prima facie"* before the word "deemed." Thus, both before and after the amendment, the language relates to the weight and materiality of the fact of possession, as it affects evidence of the means or method by or in which spirits have been acquired. It constitutes a rule of evidence by which proof of illegal acquisition may be established.

The third paragraph was not amended in 1938, and never contained the words *"prima facie."*

The section of the statute under review is one of the many provisions contained in "The Alcoholic Beverage Control Act," hereinafter referred to as the Act. Virginia Code 1936, section 4675 (1) *et seq.* The title to the Act recites that its purpose is to legalize, regulate and control the manufacture, sale, distribution, possession, transportation, etc., drinking and use of alcohol, etc., liquids and beverages containing alcohol, etc. A department is created, known as The Alcoholic Beverage Control Board and charged with the duty of carrying out the purposes and provisions of the Act. One of its duties is to prescribe the form and contents of all labels and seals to be placed on packages containing alcoholic spirits and beverages, lawfully dispensed in Virginia.

Under the system, regulations, and to the extent prescribed by the Act, a person may lawfully purchase and possess alcoholic beverages in Virginia. He may, within the law, possess, use and dispense such spirits and beverages within his home, or transport a given quantity within the State. He is permitted to import a limited quantity, under certain conditions and restrictions, from beyond the State. Subsections (49a), (58), (d) and (61). In the possession and use of legally acquired liquor, he is not denied the privilege to mix spirits or alcoholic beverages in cocktail shakers or in eggnog bowls, or to transfer it from a larger or broken bottle to an unstamped container, or to transport it in a flask, or, perhaps, to carry a small quantity, in an unstamped container, to the bedside of a sick neighbor.

It is to be noted here that the Act nowhere, in express terms, provides that it shall be unlawful to possess spirits or alcoholic beverages in containers not bearing the required government stamps or seals. The absence of the stamps or seals on the containers is a test applied to determine the legality of the source from which or the means by which they are acquired. The possession of such liquids, in unstamped containers, is recognized "for the purposes of this Act," as creating a presumption or an evidentiary fact that such liquids have not been legally acquired.

■ The clear purpose of the Act is to permit the possession of spirits and alcoholic beverages legally acquired, and to prohibit and penalize possession when not so acquired. Therefore, proof of illegal acquisition is necessary to sustain a charge of unlawful possession. There appear to be numerous sources from which and various means and methods by which alcoholic beverages may be illegally acquired. Evidence of possession, in unstamped containers, is one of the circumstances of proof of illegal acquisition, but it is not necessarily the sole circumstance. Such fact or circumstance is made, by the Act, a presumption, which standing alone is sufficient to prove illegal acquisition.

The defendant construes the statute to provide that the possession of spirits or alcoholic beverages in containers without the required stamps is conclusive evidence that such spirits or beverages have been illegally acquired. He contends that such provision is arbitrary, unreasonable, and in violation of due process of law, in that it denies to the accused an opportunity to show the true facts.

He further contends that though subsection (50) be valid, the third paragraph repeals the second paragraph, because alcoholic beverages are defined in the statute (4675 (2) (b)), to include brandy, rum, whiskey and gin, and every liquid or solid containing alcohol, spirits, wine or beer, etc., and, therefore, the possession of more than a gallon of alcoholic beverages must be shown before the presumption can apply.

In order for us to properly construe the Act, it is necessary to consider under accepted principles the words used, their relation to the subject matter in which they are used, the purposes for which the Act was intended, and such other sources, if any, as may throw light upon the intention of the legislature. If the language of the statute has a definite and precise meaning, expressed in clear and concise terms, so that the sense is manifest, we are required to adopt the sense which it naturally presents. Otherwise, we must interpret its meaning. Lewis' Sutherland Statutory Construction (2d Ed.), (1904) chapter 13; Black on Interpretation of Laws (1896) chapter 4 *et seq.; Buzzard* v. *Commonwealth,* 134 Va. 641, page 653, 114 S. E. 664.

A presumption of constitutionality always exists in favor of a statute. If its language be such that its meaning is so cloudy, obscure and ambiguous that it is open to more than one construction, one of which would render it void or of doubtful validity, and the other is reasonable and in harmony with the Constitution and conforms to the general purpose of the statute and its associated provisions, then we must adopt such construction as sustains its validity. Lewis' Sutherland Statutory Construction, *supra,* section 498.

In the absence of any word in the present statute qualifying the presumption, we will first consider the meaning of the word "deemed." In 18 C. J. 457, the word "deemed" is variously construed to mean "adjudged, judged, considered, conclusively considered, decreed, accounted, declared, presumed." In Webster's New International Dictionary (2d Ed.), the word "deem" is defined in part as meaning "to have an opinion, to judge, believe, suppose."

The word, therefore, has more than one meaning. Its meaning is often dependent upon the circumstances in connection with which it is used. Its use does not justify, in all cases, the interpretation that it signifies an arbitrary exercise of judgment; it may signify a deliberate exercise subject to other proof.

We have been cited to no case in this country dealing directly with a construction of the word "deemed" as used in a similar statute. In a note in 18 C. J. 452, we find the following reference to two Canadian cases:

"The Nova Scotia Temperance Act of 1910, which provides that 'any person who shall procure for, or offer for sale to any other person, or persons, any intoxicating liquor shall be deemed to have made an unlawful sale of liquor,' has been construed to mean 'deemed prima facie,' as distinguished from 'conclusive,' evidence. *Rex* v. *Fraser,* 45 N. S. 218, 219; *Reg.* v. *Freeman,* 22 N. S. 506."

If the legislature had intended to make the possession of liquor, in an unstamped container, a definition of the crime of unlawful possession no matter whether the liquor was acquired legally or illegally it could have said so. Likewise, had it intended to make such possession a conclusive presumption that the liquor had been illegally acquired it could have used the word "conclusively" before the word "deemed." The legislature is presumed to know what it intends to do and can do. What it actually did do, by the amendment of 1938, was to place the presumption, in the second paragraph of the subsection under review, upon the same plane as the presumption in the third paragraph. It

thus harmonized the subject in both paragraphs. We have no other indication of its intention.

In Lewis' Statutory Construction, *supra,* at page 778, it is said: "A mere change in the words of a revision will not be deemed a change in the law unless it appears that such was the intention. The intent to change the law must be evident and certain; there must be such substantive change as to import such intention, or it must otherwise be manifest from other guides of interpretation, or the difference of phraseology will not be deemed expressive of a different intention. Revisions naturally involve some modifications of expressions to bring the laws into system and uniformity." *Ingram, Executor,* v. *Harris* (Va.), 2 S. E. (2d) 340, decided April 10, 1939.

The Commonwealth may make it unlawful to acquire liquor except under prescribed rules and regulations. It may make it unlawful to possess it in a stamped container, where the liquor has been illegally acquired. However, if liquor has been legally acquired, neither the nature or state of the container, nor the form and contents of the labels and seals placed thereon change the means or method of its acquisition. The absence of stamps or seals upon the container may create an inference or presumption that the laws and regulations governing the manner, means, or source of acquisition have not been observed. When such an inference is made a legal presumption, the effect is to require a satisfactory explanation or evidence to overcome it.

To the extent provided by the Act, the sale, purchase and possession of alcoholic spirits and beverages is legalized in Virginia. A lawful means and manner for its sale and purchase is authorized. Possession is not prohibited where it has been legally acquired. The Commonwealth cannot make a legal sale of alcoholic spirits and beverages to a man, and then deny to him the right to prove the manner of its purchase. The legislature cannot declare something to be true which is not true. It cannot say that five times five is forty-one, nor that alcoholic spirits which

have been lawfully acquired were unlawfully acquired. It may declare that an inference or presumption arises from a certain fact or state of facts; but unless the known true facts are intended to constitute a substantive offense, they cannot be declared conclusive so as to exclude contradiction.

To say the least, the language of the section under review fails of precision. It is cloudy, obscure, and somewhat ambiguous. It is fairly open to more than one construction. One construction is capable of producing injustice, inconvenience, hardship, and, under certain conditions, absurdities. A construction that the presumption therein set up is conclusive or irrebuttable as to the fact it imports, would preclude any benefit that a defendant would otherwise derive from opposing evidence of the true state of facts. In effect, it would deny to him the right, preserved in Virginia by the Constitution and statutes, to call for evidence in his favor and to testify in his own behalf. Constitution of Virginia, section 8; Virginia Code 1936, section 4778.

A conclusive presumption of law is generally defined as an inference which must be drawn from proof of a given fact or facts, which no evidence, however strong, no argument, or consideration, will be permitted to overcome, as distinguished from a mere presumption, a state of facts treated as probably true, but which may be rebutted or overcome with opposing or contradictory evidence.

The alternative construction, that the presumption is subject to rebuttal, is in accord and harmony with the spirit of our institutions and laws. It is an established principle, in this State, except as modified by statute, that the accused in a criminal case, is presumed to be innocent until his guilt has been proven beyond a reasonable doubt. The burden of such proof is on the Commonwealth. A modification of this principle is not favored by implication.

We, therefore, conclude that under the peculiar circumstances here involved, it is fair, reasonable and proper to hold that the language of the statute under review merely creates a presumption subject to be overcome with opposing or contradictory evidence.

██ We find no difficulty in holding that the third paragraph of subsection (50) does not repeal the second paragraph therein. The words "alcoholic beverages," in the third paragraph simply add other varieties of ardent spirits to those defined under the word "spirits," Virginia Code 1936, section 4675 (2), (x), and make a further provision with reference to the possession of a larger quantity of all the beverages described. It does not change, in any respect, the provision of paragraph two. The unlawful acts prohibited in paragraph two are equally unlawful in paragraph three, though the quantity of spirits possessed be enlarged. The two paragraphs relate to the same subject matter and are *in pari materia*. They are not in conflict, and both serve the purposes for which they were intended.

██ The contention that there was no evidence as to what government stamps were required to be on the container, is without merit. The required government stamps are those prescribed under the law and regulations authorized by the Act, and may be judicially noted. Section 4675 (5), as amended in 1936 (chapter 255), Regulations of The Alcoholic Beverage Control Board, Order No. 1441. The fact that it was shown that there were no stamps upon the container in question, is sufficient to show the absence of the required stamps.

The case of *O'Brien* v. *Commonwealth*, 165 Va. 870, 183 S. E. 228, was decided prior to the enactment of the Code section last mentioned.

██ The last assignment of error is that the judgment is contrary to the law and the evidence, and without evidence to support it.

The defendant offered no evidence. He made no attempt to explain, or to show how, where, or from whom he acquired the spirits in his possession. In the absence of any explanation, rebuttal, or contradiction of the evidence of the Commonwealth, the jury was instructed that the finding of brandy or whiskey in his possession, in a container bearing no government stamps or seals, was sufficient proof that the same had been illegally acquired. In consideration

of the undisputed evidence and the law of this case, no other proof was required of the Commonwealth.

If competent evidence of an opposing or contradictory nature had been offered in rebuttal, it should have been admitted for the consideration of the jury. The record affirmatively shows that the defendant failed to avail himself of his right to present such evidence, if any he had. Under the circumstances, the trial court properly instructed the jury.

 The possession of alcoholic beverages which have been illegally acquired constitutes the crime of unlawful possession. Both possession and illegal acquirement must be shown to establish the offense. The fact of possession in an unstamped container is, by the statute, made a presumptive fact of illegal acquirement. This presumption based upon the proven fact of possession in an unstamped container makes out a *prima facie* case of unlawful possession. Unless the presumption thus created is overcome by opposing, contradictory or explanatory evidence, it prevails over a presumption of innocence and is sufficient to sustain a conviction of guilt.

For the foregoing reasons, we find no error in the judgment of the trial court.

*Affirmed.*