The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, Arkansas 72753
Dear Representative Hunton:
This is in response to your request for an opinion on whether Act 536 of 1991 is constitutional. That act amended both A.C.A. §26-74-212 (Cum. Supp. 1991) (involving county sales and use taxes), and A.C.A. § 26-75-216 (Cum. Supp. 1991) (involving city sales and use taxes). Specifically, you have enclosed a copy of a letter from a concerned citizen who feels that the act is unconstitutional because the act allows for the imposition of the sales tax levied in a seller's city or county on goods which are delivered to a location inside the state but outside the particular city or county levying the tax. The letter also views as inequitable the receipt of tax monies by the city or county of the seller's location, and advocates instead the receipt of the sales tax dollars by the area of delivery of the goods.
It is my opinion that Act 536 is constitutional in these respects.
It should be noted initially that acts of the General Assembly are presumed to be constitutional and will not be held unconstitutional unless the defect is clear and unmistakable. Stone v. State, 254 Ark. 1011, 498 S.W.2d 634 (1973). It has also been held that it is within the discretion of the Legislature to determine the extent and scope of the exercise of its taxing power and the validity of its action will be presumed. Potts v. McCastlain, 240 Ark. 654, 401 S.W.2d 220 (1966), cert. denied,385 U.S. 946 (1967). Finally, it has been held that the states' unlimited power of taxation is an essential attribute of sovereignty, and, unless inhibited by the constitution, the legislature has full power over all matters of taxation and may control all revenues collected by the subordinate branches of government. Davies v. City of Hot Springs, 141 Ark. 521,217 S.W. 769 (1920) and Adkins v. Harrington, 164 Ark. 280, 261 S.W. 626
(1924). See also Arkansas Constitution, Art. 2, § 23.
It is clear, in my opinion, that A.C.A. § 26-74-212 and §26-75-216 each make the sales taxes authorized in those subchapters applicable to "sales of items and services sold by a business located in [the levying city or county] to a resident or nonresident of [the levying city or county]. . . ." (Certain exceptions, which are discussed in Opinion No. 91-385 (copy enclosed), apply.) Your question is whether this fact is constitutional.
Although there are no Arkansas cases which are precisely apposite, a similar question was raised in Fabick and Company v. Schaffner, 492 S.W.2d 737 (Mo. 1973), to which the court there responded:
 No constitutional inhibition has been cited which prevents the General Assembly from selecting, for the purpose of a tax of such nature, the place of business of the seller as the situs of the transaction to be included in arriving at the basis for levy of the tax. Jurisdictional arguments based upon lack of reciprocal benefit are unavailing because the retailer is within the city imposing the tax and is the recipient of governmental services provided by the city. [Citation omitted.] No such capricious action by the General Assembly is involved as would warrant judicial interference in the determination of this basically legislative question.
492 S.W.2d at 744. But see Mobil Teria Catering Co., Inc. v. Spradling, 576 S.W.2d 282 (Mo. 1978), and Capital Electric Line Builders, Inc., v. Lennen, 232 Kan. 379, 654 P.2d 464 (1982).
I can conceive of no concrete constitutional provision which is violated by the facets of Act 536 mentioned above. The letter attached to your request states that the act may be unconstitutional as "taxation without representation" because, presumably, the residents of the areas where goods are delivered have not voted to impose the tax levied in the seller's locale. There is no specific constitutional provision, however, and indeed no fundamental right governing or requiring a vote on a tax imposed by act of the General Assembly. City of Little Rock v. Waters, 303 Ark. 363, 797 S.W.2d 426 (1990). Although here the tax is imposed by a local city or county, it is done in accordance with the act of the General Assembly. Rather, the taxation involved here is taxation with representation, as the provisions governing the applicability of the tax were enacted by the people's elected representatives.
It is therefore my opinion that Act 536 of 1991 is constitutional is this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh