# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kenneth J. Manns,**
**Petitioner Below, Petitioner**

**FILED**

**October 4, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No. 12-1194** (Mercer County 07-C-25)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kenneth J. Manns, appearing *pro se*, appeals the order of the Circuit Court of Mercer County, entered September 27, 2012, denying his motions for summary judgment in his habeas corpus action. Respondent Warden, by counsel Laura Young, filed a summary response. Petitioner filed a reply.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented in the parties' written briefs and the record on appeal, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal is premature. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 5, 1997, petitioner was convicted of first degree murder and first degree sexual assault. The circuit court sentenced petitioner to life in prison without mercy on the murder conviction and fifteen to thirty-five years in prison on the sexual assault conviction, to be served concurrently. Petitioner appealed to this Court which entered a refusal order on September 9, 1998.

Petitioner filed a petition for writ of habeas corpus on August 23, 1999. Petitioner was afforded an omnibus hearing on June 2, 2000. The circuit court denied the petition on July 31, 2000. This Court refused petitioner's appeal of the denial of habeas relief on May 21, 2001.

Subsequently, on January 10, 2007, petitioner filed the instant action pursuant to Syllabus Point 6 of *In the Matter of: Renewed Investigation of State Police Crime Laboratory, Serology Div.* ("*Zain III*"), 219 W.Va. 408, 633 S.E.2d 762 (2006).[2] Petitioner was appointed counsel.

---

[1] Petitioner also filed a motion to include additional authorities pursuant to Rule 10(i) of the Rules of Appellate Procedure. Because of this Court's disposition of petitioner's appeal, *see infra*, we deny the motion as moot.

[2] In Syllabus Point 6 of *In the Matter of: Renewed Investigation of State Police Crime*

1

Counsel filed an *Anders* brief[3] on July 19, 2007, and later withdrew from the case. New counsel was appointed. On December 6, 2011, the circuit court allowed the second attorney to withdraw, allowed petitioner to proceed *pro se*, and appointed a third attorney to serve in an advisory capacity.

On May 24, 2012, and July 9, 2012, petitioner filed motions for summary judgment on his habeas claims. The circuit court denied the motions in an order entered September 27, 2012. The circuit court found that genuine issues of material fact exist: "There are questions to be answered and facts to be determined by a trier of fact. Therefore, this case is not appropriate to be disposed of with summary judgment."[4]

On appeal, petitioner disputes the circuit court's finding that genuine issues of material fact exist and argues that he is entitled to judgment as a matter of law. Respondent states that petitioner is not entitled to judgment as a matter of law and further argues that the circuit court's order denying petitioner's motions for summary judgment was an interlocutory order and, therefore, petitioner's appeal should be dismissed as premature. In his reply brief, petitioner counters that the circuit court's order denying his motions approximates a final order in its nature and effect.

"An order denying a motion for summary judgment is merely interlocutory, leaves the case pending for trial, and is not appealable except in special instances in which an interlocutory order is appealable." Syl. Pt. 8, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). An interlocutory order can be appealed if it is certified pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure. "The key to determining if an order is final is not whether the language from Rule 54(b) . . . is included in the order, but is whether the order approximates a final order in its nature and effect." Syl. Pt. 1, in part, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

In arguing that the circuit court's order approximates a final order in its nature and effect, petitioner cites to *National Union Fire Insurance Co. of Pittsburgh v. Miller*, 228 W.Va. 739, 724

---

*Laboratory, Serology Div.* ("*Zain III*"), 219 W.Va. 408, 633 S.E.2d 762 (2006), this Court held as follows:

> A prisoner who was convicted between 1979 and 1999 and against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence may bring a petition for a writ of habeas corpus based on the serology evidence despite the fact that the prisoner brought a prior habeas corpus challenge to the same serology evidence, and the challenge was finally adjudicated.

[3] *See Anders v. California,* 386 U.S. 738 (1967).

[4] The case had been scheduled for "trial" on September 10, 2012. However, petitioner filed a motion for a continuance on September 6, 2012, which the circuit court granted.

S.E.2d 343 (2012). In *National Union*, not only did the circuit court deny the insurer's motion for summary judgment, but the court also granted judgment as a matter of law on the coverage issue to the non-moving party. The instant case is distinguishable because, while the circuit court denied petitioner's motions, the court did not proceed to enter judgment in Respondent's favor. Instead, the circuit court determined that "this case is not appropriate to be disposed of with summary judgment" and found that "[t]here are questions *to be* answered and facts *to be* determined by a trier of fact." (emphasis added). After careful consideration, this Court dismisses petitioner's appeal as premature.

Dismissed as premature.

**ISSUED:**  October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II