COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


THE CURA GROUP, INC.
                                                                    OPINION BY
v.        Record No. 1348-04-2                    JUDGE ROBERT J. HUMPHREYS
                                                                    MAY 10, 2005
VIRGINIA WORKERS' COMPENSATION COMMISSION


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              S. Vernon Priddy III (Sands Anderson Marks & Miller, on briefs),
              for appellant.

              Teresa C. Griggs, Senior Assistant Attorney General (Jerry W.
              Kilgore, Attorney General; Francis S. Ferguson, Deputy Attorney
              General, on brief), for appellee.


       Appellant The Cura Group, Inc. ("Cura") appeals the Virginia Workers' Compensation

Commission's assessment of thirty-four separate fines against Cura based on its failure to appear

at a show cause hearing.  Cura contends that the commission erred in concluding that Cura's

failure to appear on behalf of its thirty-four individual client companies constituted thirty-four

separate contempt violations, reasoning that the commission exceeded its statutory authority and

deprived Cura of its constitutional right to due process of law.  Because we agree that the

commission erred, we reverse the judgment below and remand the case for further proceedings.

                                    I.  BACKGROUND

       Cura is a professional employer organization ("PEO"), a business entity that contracts

with various client companies for the provision of "professional employer services."  See Code

§ 65.2-101 (defining "professional employer organization").  That is, a PEO "employs all or a

majority of a client company's workforce and assumes responsibility as an employer for all

coemployees that are assigned, allocated, or shared by the agreement between the professional employer organization and the client company." Id. (defining "professional employer services"). Thus, a PEO contractually assumes the administrative responsibilities of its client companies for, *inter alia*, complying with certain provisions of the Virginia Workers' Compensation Act.

According to Code § 65.2-804, employers—including PEOs—must file with the commission "annually or as often as may be necessary, evidence of [] compliance with the provisions of § 65.2-801," which sets forth the four methods by which employers may satisfy their obligation to carry workers' compensation liability insurance. If an employer fails to comply with Code § 65.2-804, the employer "shall be assessed a civil penalty of not less than $500 nor more than $5,000." Code § 65.2-805(A).

On November 14, 2003, the commission issued an order indicating that, "[o]n several occasions, the [commission] notified [Cura] that [it had] failed to provide new [workers' compensation insurance] coverage information after June 30, 2003," in violation of Code § 65.2-804. Thus, the commission ordered Cura "to submit, within ten (10) days," either: (1) a copy of the declarations page from a workers' compensation insurance policy, (2) a binder "issued by the National Council on Compensation Holding, Inc.," or (3) "[a] notarized written statement why workers' compensation insurance is not required."

Cura failed to respond to the November 14 order. Thus, on November 25, 2003, the commission issued a show cause order, commanding Cura to appear before the commission on December 17, 2003, "to show cause why [it] should not be held in contempt pursuant to Code Section 65.2-805 for failure to timely respond to the Commission's Order of November 14, 2003." The show cause order was styled "Re: The Cura Group, Inc.," and a copy of the order was served on Cura's registered agent on December 1, 2003.

- 2 -

On December 17, 2003, the deputy commissioner conducted a show cause hearing. No representative from Cura appeared at the hearing. On January 7, 2004, the commissioner issued thirty-four separate opinions, each opinion styled "In Re Cura Group, Professional Employer Organization." Each separate opinion addressed Cura's failure to report on behalf of one of its thirty-four client companies, and each assessed a $5,000 fine, based on Code § 65.2-902,[1] for Cura's "willful" failure to provide the required information for that particular client company. In each of the thirty-four opinions, the commissioner also assessed a $50 fine based on Cura's failure to appear at the show cause hearing.[2]

By opinion dated May 5, 2004, the commission vacated the thirty-four $5,000 fines for Cura's failure to file the required insurance information, but it affirmed the imposition of the thirty-four $50 fines premised on Cura's failure to appear at the show cause hearing. As to the thirty-four $5,000 fines, the commission reasoned that the show cause order referenced the wrong statutory provision as support for issuance of those fines and, "[b]ecause of this defect in the Show Cause Order, the failure to insure issue was not properly before the Commission and, therefore, could not form a basis for adverse action against a party in interest."[3] However, the commission affirmed the thirty-four $50 fines for failure to appear at the show cause hearing,

---

[1] Code § 65.2-902(A) provides that "[a]ny employer who fails to make any report required by the Commission . . . shall be assessed a civil penalty of not more than $500 for each failure," unless "the Commission determines that any such failure is willful," in which case "it shall assess a civil penalty of not less than $500 and not more than $5,000."

[2] The commission summarily imposed the thirty-four $50 contempt fines based on Cura's failure to appear; it never issued a separate show cause order commanding Cura to appear and show cause as to why it failed to appear at the hearing.

[3] The show cause order cited Code § 65.2-805, which authorizes the imposition of a civil penalty for violating the insurance reporting requirement contained in Code § 65.2-804. The commission, however, reasoned that its "power to impose penalties for *contempt*, which is the violation alleged in the Show Cause Order, arises from Code § 65.2-202," which was not mentioned in the show cause order.

reasoning that this penalty "results solely from [Cura's] failure to appear at the December 17, 2003 hearing." Because Cura "was given notice of the hearing date and time in the Show Cause Order, and valid personal service of that order was obtained on [Cura]," the commission reasoned that the defects relating to the thirty-four $5,000 fines "does nothing to vitiate [Cura's] obligation to appear before the Commission when compelled to do so through proper process."

## II. ANALYSIS

On appeal, Cura contends that the commission erred in assessing the thirty-four separate contempt fines for failure to appear at the show cause hearing, reasoning that the commission exceeded its statutory authority and violated Cura's right to due process of law. For the reasons that follow, we hold that the commission lacked the authority to impose thirty-four separate contempt fines premised on Cura's violation of a single show cause order.

According to Code § 65.2-202(A),

> The Commission or any . . . deputy commissioner shall have authority to enforce the attendance of all parties in interest and of witnesses . . . and to punish for contempt or disobedience of its orders as is vested in courts and judges by § 18.2-456 . . . .

Code § 18.2-456, in turn, authorizes courts to issue contempt sanctions based upon a party's "[d]isobedience or resistance . . . to any lawful process, judgment, decree or order of the court." Code § 18.2-456(5); see also Code § 65.2-201(A) ("In all matters within the jurisdiction of the Commission, it shall have the power of a court of record . . . to punish for contempt . . . and to enforce compliance with its lawful orders and awards."); 16 VAC 30-50-20(12) (noting that the commission has the "statutory authority" to "punish contempt"). Thus, the Virginia Workers' Compensation Act "specifically provides that the Commission has the power . . . to punish for contempt or disobedience of its orders." Hudock v. Indus. Comm'n of Va., 1 Va. App. 474, 480, 340 S.E.2d 168, 172 (1986). "This is a concomitant of judicial power, necessary to the proper and effective discharge of [the commission's] duties." Id. at 481, 340 S.E.2d at 172. That is,

- 4 -

"'[w]ithout the authority to cite and punish for contempt of its decrees and orders the Commission would be virtually powerless to enforce them.'" Id. (quoting Segrella v. Workmen's Compensation Comm'n, 162 A.2d 810, 813 (R.I. 1960)); see also Jeff Coal, Inc. v. Phillips, 16 Va. App. 271, 277, 430 S.E.2d 712, 716 (1993).

Cura concedes that, by failing to appear at the hearing, it violated the commission's show cause order. Cura also concedes that, because it violated the order, the commission had the statutory authority under Code § 65.2-202 to punish it for contempt.[4] Cura argues, however, that, by assessing thirty-four separate fines, rather than a single fine, the commission exceeded its statutory authority.[5]

The Workers' Compensation Act does not "specifically address the type of sanction that the commission may impose in the exercise of its power to punish for disobedience of its orders." Jeff Coal, 16 Va. App. at 277 n.3, 430 S.E.2d at 716 n.3. Although Code § 18.2-456, which is referenced in Code § 65.2-202, is subject to a limitation of $250 for certain classes of contempt, that limitation does not apply to violations of valid court orders. See Code § 18.2-457; Yoder v. Commonwealth, 107 Va. 823, 832-33, 57 S.E. 581, 584 (1907).[6] Thus, even assuming

---

[4] "'Contempt is defined as an act in disrespect of the court or its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute.'" Carter v. Commonwealth, 2 Va. App. 392, 396, 345 S.E.2d 5, 7 (1986) (quoting 4A Michie's Jurisprudence Contempt § 2 (Repl. Vol. 1983)). Thus, contempt "includes any act which is calculated to embarrass, hinder, or obstruct the court" in the discharge of its responsibilities. Id. at 396, 345 S.E.2d at 7-8; see also Potts v. Commonwealth, 184 Va. 855, 859, 36 S.E.2d 529, 530 (1946). It is well established that a party's failure to respond to a valid summons may properly lead to the imposition of a contempt fine. See, e.g., Bellis v. Commonwealth, 241 Va. 257, 402 S.E.2d 211 (1991); Wilson v. Commonwealth, 23 Va. App. 318, 477 S.E.2d 7 (1996).

[5] Cura does not argue that the amount of the fine was excessive or grossly disproportionate to the offense, focusing instead upon the commission's decision to assess thirty-four separate $50 fines rather than a single $1,700 fine.

[6] Code § 18.2-457 provides that "[n]o court shall, without a jury, for any such contempt *as is mentioned in the first class* embraced in § 18.2-456, impose a fine exceeding $250 or imprison more than ten days . . . ." (Emphasis added). The first class of offenses in Code

- 5 -

that the limitations contained in Code § 18.2-457 are applicable to contempt cases pending before the commission, those limitations do not apply when the commission holds a party in contempt for violating a valid show cause order.  Because the Workers' Compensation Act does not limit the amount of the fine that the commission may impose for violating a show cause order, the degree of punishment therefore lies in the discretion of the commission.  See United Marine Div. of Int'l Longshoremen's Ass'n v. Commonwealth, 193 Va. 773, 786, 71 S.E.2d 159, 167 (1952) ("The degree of punishment for contempt is within the sound discretion of the trial court."); see also United States v. United Mine Workers of Am., 330 U.S. 258, 303 (1947) (noting that, when reviewing an award of contempt sanctions, "great reliance must be placed upon the discretion of the trial judge").

Here, the commission served Cura with a single show cause order.  Prior to the issuance of the January 7 opinions, it had consistently styled the case as a single proceeding.  The commission, however, did not issue one opinion imposing a collective $1,700 contempt fine.  Rather, it imposed thirty-four individual fines, essentially converting the case into thirty-four separate proceedings.  There is no statute or rule that vests the commission with the authority to summarily divide one case into thirty-four.

The commission, like any other judicial or quasi-judicial entity, "'by definition abuses its discretion when it makes an error of law.'"  Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).  Because the commission erred as a matter of law when it summarily converted this case into thirty-four

---

§ 18.2-456, in turn, gives courts the power to summarily punish for contempt based on "[m]isbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice."  The power to punish for "[d]isobedience or resistance . . . to any lawful process, judgment, decree or order of the court," in contrast, is contained in section (5) of § 18.2-456 and, thus, is not subject to the $250 limitation.  See Yoder, 107 Va. at 832-33, 57 S.E. at 584.

separate proceedings, we hold that the commission abused its discretion when it imposed the thirty-four contempt fines based on Cura's violation of a single show cause order. Accordingly, we reverse the judgment below and remand the case for further proceedings consistent with this opinion.[7]

Reversed and remanded.

---

[7] Because we conclude that the commission erred when it summarily issued thirty-four separate opinions in a case that, until that point, had been styled as a single proceeding, we need not reach the constitutional due process issue. See, e.g., Bell v. Commonwealth, 264 Va. 172, 203, 563 S.E.2d 695, 715-16 (2002) (noting that "unnecessary adjudication of a constitutional issue" should be avoided), cert. denied, 537 U.S. 1123 (2003); see also Christopher v. Harbury, 536 U.S. 403, 417 (2002) (noting that it is the "obligation of the Judicial Branch to avoid deciding constitutional issues needlessly").