COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Haley and Beales
Argued at Alexandria, Virginia


HITT CONSTRUCTION AND ZURICH
   AMERICAN INSURANCE COMPANY

                                                             OPINION BY
v.        Record No. 0723-08-4                    JUDGE JAMES W. HALEY, JR.
                                                          FEBRUARY 17, 2009
RICHARD J.E. PRATT, JR.


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             John H. Carstens (Virginia M. Sadler; Jordan, Coyne & Savits, LLP,
             on briefs), for appellants.

             M. Thomas McWeeny (Koonz, McKenney, Johnson, DePaolis &
             Lightfoot, L.L.P., on brief), for appellee.


                               I.  INTRODUCTION

     Hitt Construction and Zurich American Insurance Company (collectively "Hitt")

maintain the Workers' Compensation Commission:  (1) lacked authority to review its appeal

from a deputy commissioner's decision, because at the time of that review the commission was

composed of only two statutorily authorized commissioners and (2) erred in that review in

concluding claimant suffered permanent impairment causally related to his industrial accident.

We hold that for the commission to exercise its review authority, under the Workers'

Compensation Act, when that authority is timely challenged, it must be composed of three

statutorily authorized members.  This conclusion being dispositive, we do not address Hitt's

second assignment of error.  We remand the case for review by a now properly constituted

commission.

## II. FACTS

Pratt filed a claim for compensation on February 22, 2007. Deputy Commissioner Link awarded Pratt permanent partial disability benefits on July 20, 2007. Hitt requested review by the full commission.

Commissioner Tarr had retired effective February 1, 2008, leaving a vacancy. The General Assembly, which had gone into session on January 9, 2008, elected his successor, Commissioner Williams, on April 23, 2008, for a term beginning May 1, 2008. Due to the vacancy, the commission's review membership in the instant case consisted of the remaining two full commissioners — Commissioner Diamond and Commissioner Dudley — and Deputy Commissioner Szablewicz. The review decision was rendered on February 21, 2008.

In light of the vacancy on the commission, and of specific import to our decision, Hitt filed a motion to reconsider and vacate award, alleging in part that "the Commission is currently comprised of only two members and lacks *jurisdiction* to act under Va. Code § 65.2-200." (Emphasis added) (see part III of this opinion). Responding, Commissioner Dudley and Commissioner Diamond (and no one else) denied the motion by order entered March 6, 2008. The order included the following: "Chairman Diamond will appoint Deputy Commissioners to sit with the Commission in consideration of matters on Review, until the Virginia General Assembly has appointed someone to fill the *vacant* Commission seat." (Emphasis added). That order relied upon Code § 65.2-704(B) and this Court's decision in Clinch Valley Medical Center v. Hayes, 34 Va. App. 183, 538 S.E.2d 369 (2000), in support of the denial.

## III. THE NATURE OF JURISDICTION

As quoted above, Hitt's motion to reconsider challenged the "jurisdiction" of the commission to review its appeal.

"'Jurisdiction' is a word of many, too many meanings." United States v. Vanness, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996), quoted with approval in Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 90 (1998).

"Clarity would be facilitated if courts and litigants used the label 'jurisdictional,' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." Kontrick v. Ryan, 540 U.S. 443, 455 (2004).

To provide clarity and guidance in matters of jurisdiction, in Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 426 (2008), our Supreme Court quoted from Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990):

> "A court may lack the requisite 'jurisdiction' to proceed to an adjudication on the merits for a variety of reasons.
>
> The term jurisdiction embraces several concepts including subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies; *territorial jurisdiction, that is, authority over persons*, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party or if the proceeding is *in rem* seizure of a *res*; and 'the other conditions of fact must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree.' Farant Inv. Corp. v. Francis, 138 Va. 417, 427-28, 122 S.E. 141, 144 (1924)."

(Emphasis added).

The Porter Court continued:

> Our recitation in Morrison reflects the long-standing distinction between subject matter jurisdiction, which cannot be granted or waived by the parties and the lack of which renders an act of the court void, and territorial jurisdiction or venue. *The latter goes to the authority of the court to act in particular circumstances or places and is waived if not properly and timely raised.*

276 Va. at 229, 661 S.E.2d at 427 (emphasis added).

In <u>Miller v. Potomac Hospital Foundation</u>, 50 Va. App. 674, 683, 653 S.E.2d 592, 596 (2007), the claimant maintained the commission erred in determining a deputy commissioner "did not have jurisdiction to order the employer to pay medical expenses to the health care provider in a dispute between an employer, an employee, and a health care provider."

Citing <u>Nelson v. Warden</u>, 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001), we noted the distinction between subject matter jurisdiction and the authority of the commission to exercise its subject matter jurisdiction when that jurisdiction may be compromised by failure to comply with mandatory statutory requirements. <u>Miller</u>, 50 Va. App. at 684, 653 S.E.2d at 597. We noted that a challenge to subject matter jurisdiction cannot be waived by a litigant, may be raised at any time, and, if successful, renders any decision by a court or commission void. <u>Id.</u> By contrast, "[f]ailure to timely and properly object to a lack of authority waives any later challenge; any actions taken without authority are merely '*voidable* and not void.'" <u>Id.</u> at 684-85, 653 S.E.2d at 597 (quoting <u>Nelson</u>, 262 Va. at 284-85, 552 S.E.2d at 77).

After noting that the commission had subject matter jurisdiction over the controversy, we held that because the insurer did not timely raise the question of the authority of the deputy commissioner to order the payment in its direct appeal to the full commission, the challenge was waived and precluded from consideration by the commission.

With this preface as to jurisdiction, we turn to an analysis of the instant case.

IV. ANALYSIS

Code § 65.2-700 states in relevant part: "All questions arising under this title . . . shall be determined by the Commission . . . ." The substantive dispute in this case involved whether or not the claimant suffered permanent impairment causally related to his industrial accident. It is clear that the commission has original and exclusive subject matter jurisdiction to consider that issue.

As noted above, the commission, in responding to Hitt's challenge to its "jurisdiction," in its order of March 6, 2008, maintained it had jurisdiction—that is, the authority—to render its decision. We find the commission's reliance on the statute and case it cites in its order misplaced.

Code § 65.2-704(B) states in relevant part: "When a member [of the commission] *is absent or is prohibited* . . . from sitting with the full Commission to hear a review, the Chairman shall appoint one of the deputies to sit with the other Commission members." (Emphasis added). Here, no member of the commission was absent or prohibited from sitting. No third member of the commission existed, there being a vacancy on the commission. The commission's analysis of <u>Clinch Valley Medical Center</u> is equally faulty. There, the requisite three commissioners existed. "The employer contends a deputy commissioner may not sit when the review is a review of the record without an appearance by the parties, representatives, and witnesses." <u>Clinch Valley Med. Ctr.</u>, 34 Va. App. at 188, 538 S.E.2d at 371. In short, the employer sought to distinguish between an "on the record" review and an "*ore tenus*" review, arguing a deputy could only sit in the latter. Addressing Code § 65.2-704(B), this Court rejected that argument. "The chairman can appoint a deputy for either type of review when absence creates the need." <u>Id.</u> at 191, 538 S.E.2d at 372. We did not address the issue raised in this appeal, i.e., can the chairman appoint a deputy to sit on a review when a commissioner is not merely absent and unavailable to serve, but does not, in fact, exist because of a vacancy on the commission.

Turning to the statutory provisions dealing with the structure of the commission, Code § 65.2-200 states in relevant part:

> B. The Commission shall consist of three members . . . .
>
> C. Whenever a vacancy in the Commission occurs or exists when the General Assembly is in session, the General Assembly shall elect a successor for the unexpired term. If the General Assembly is not in session, the Governor shall forthwith

appoint pro tempore a qualified person to fill the vacancy for a term ending thirty days after the commencement of the next session of the General Assembly, and the General Assembly shall elect a successor for the unexpired term.

Furthermore, Code § 65.2-705(A) states that "[i]f an application for review is made to the Commission . . . *the full Commission*, except as provided in subsection B of § 65.2-704 and if the first hearing was not held before the full Commission, shall review the evidence." (Emphasis added).

The commission by statute is composed of three, not two, members. That being said, the question arises: if the Governor cannot fill a vacancy in the commission when the General Assembly is in session, by what authority does the chairman appoint a deputy to fill that vacancy?

On brief and in oral argument, Pratt relies on Code § 65.2-201(B) and Code § 65.2-203(A) for that authority. The former reads: "The Commission may appoint deputies, bailiffs, and such other personnel as it may deem necessary for the purpose of carrying out the provisions of this title." The latter reads in relevant part: "Deputies may exercise other powers and perform any duties of the Commission delegated to them by the Commission."

In short, Pratt argues that *a majority* of the commissioners may act as the commission and that, therefore, a majority of the commissioners may appoint a deputy to fill a vacancy on the commission, or to act as a commissioner, even though for review purposes no commissioner is absent or prohibited from hearing a review. No statute dealing with the Workers' Compensation Commission grants that authority.

When construing statutes, it is presumed that the absence of language, or a provision, in a body of legislation is purposeful, if potentially equally relevant language is included in a similar body of legislation. "Interpretation of the statute by comparison to other, similar statutes supports this result . . . showing that the General Assembly clearly knew how to limit a privilege

. . . when it so desired." Schwartz v. Schwartz, 46 Va. App. 145, 157-58, 616 S.E.2d 59, 66 (2005).

In Hechler Chevrolet v. General Motors Corp., 230 Va. 396, 401, 337 S.E.2d 744, 747 (1985), our Supreme Court wrote: "The General Assembly was fully aware of the distinction . . . . Thus, it is clear that if the General Assembly . . . had desired to regulate a manufacturer's right to discontinue a product line, it knew how to do so."[1]

To quote another relevant Virginia Supreme Court opinion:

> Had the General Assembly intended to impose upon a petitioner the burden of showing good cause that a tissue sample could be retrieved that would be sufficient to establish parentage, it would have so provided. It did not do so. Certainly, the General Assembly knew how to do so, as is evidenced by the "good cause" required in subsection C regarding costs of exhumation and the "sufficient cause" required for exhumation pursuant to subsection B.

Martin v. Howard, 273 Va. 722, 726, 643 S.E.2d 229, 231-32 (2007). Succinctly stated: "The Legislature is presumed to know what it intends to do and can do." Miller v. Commonwealth, 172 Va. 639, 649, 2 S.E.2d 343, 348 (1939).[2]

The language in Code § 12.1-6 establishes the procedure for filling a vacancy on the State Corporation Commission, composed of three members. That language is essentially the verbatim language set forth in Code § 65.2-200(B), quoted above.[3] But, the General Assembly

---

[1] For federal cases demonstrating this rule of statutory construction, see George Costello, Cong. Research Serv., Statutory Interpretation: General Principles and Recent Trends 15 (2006).

[2] For example, Code § 17.1-300 reads in part: "The Supreme Court shall consist of seven justices, any four of whom convened shall constitute a quorum." Code § 17.1-302(B) authorizes the Chief Justice to designate and assign a senior justice "to perform the duties of a justice of the Court."

[3] A gubernatorial appointee to the State Corporation Commission must be elected by the General Assembly, not merely confirmed in that appointment, and must receive a majority of the votes in both the Senate and the House. Thomson v. Robb, 229 Va. 233, 236, 243, 328 S.E.2d 136, 137-38, 142 (1985).

included the following statute in the legislation concerning the State Corporation Commission: "A majority of the commissioners shall constitute a quorum for the exercise of judicial, legislative, and discretionary functions of the Commission, whether there be a vacancy in the Commission or not, but a quorum shall not be necessary for the exercise of its administrative functions." Code § 12.1-8.

No remotely similar language may be found in the body of legislation concerning the Workers' Compensation Commission. If the General Assembly had desired to grant a majority of the commissioners of the Workers' Compensation Commission the ability to act in a judicial capacity, whether there was a vacancy or not, the General Assembly knew how to do so — as evidenced by Code § 12.1-8 granting that authority to a majority of the State Corporation Commission. But the General Assembly did not.

Pratt attempts to insert language similar to Code § 12.1-8 into the legislation concerning the Workers' Compensation Commission by relying on the well-recognized principle that the Act is "highly remedial" and to be "liberally construed." That principle is appropriate when dealing with the goals of the Workers' Compensation Commission. It is not appropriate when dealing with the structure of the commission itself.

As we held in another case: "That liberality, however, has its limits. We cannot 'permit a liberal construction to change the meaning of the statutory language or the purpose of the Act.'" Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003) (quoting Am. Furniture Co. v. Doane, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985)). Likewise, "we will withhold the deference we normally accord the commission's statutory interpretation of the Workers' Compensation Act when the commission's interpretation conflicts with the plain language of the statute." Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 248, 563 S.E.2d 368, 372 (2002).

In direct contrast with the proposition that the General Assembly intended to grant the commission this authority, but did not see the need to expressly state it, is another proposition that we must consider — the concept of *casus omissus*. Simply stated, the Latin phrase means that a legislature simply omitted to consider the matter. That phrase may be well applicable to the Workers' Compensation Act.

Thus, the Virginia Supreme Court decision in Jordan v. Town of South Boston, 138 Va. 838, 122 S.E. 265 (1924), becomes relevant.

> We do not question the power of the legislature to grant to towns police powers to the three mile limit, but are concerned only with the question, whether or not it has done so by the act under consideration. There may be good reasons why it should have done so, and no good reasons why it should not have done so. It may be a mere *casus omissus*, but if so, this court cannot supply the omission.

Id. at 843, 122 S.E. at 266-67.

In Chandler v. Peninsula Light & Power Co., 152 Va. 903, 908, 147 S.E. 249, 251 (1929), that Court expanded upon the concept of *casus omissus* by quoting at length from 25 R.C.L., page 974,[4] as follows:

> "The courts cannot by construction supply a *casus omissus* by giving force and effect to the language of the statute when applied to a subject about which nothing whatever is said, and which to all appearances was not in the minds of the legislature at the time of the enactment of the law. No mere omission, no mere failure to provide for contingencies, which it may seem wise to have provided for specifically, justify any judicial addition to the language of the statute. It is not for the court to say, where the language of the statute is clear, that it shall be so construed as to embrace cases because no good reason can be assigned why they were excluded from its provisions."

---

[4] R.C.L. is the citation for Ruling Case Law, a 1919 treatise edited by William M. McKinney and Burdett A. Rich. The quotation is in § 225 from volume 25, page 974, "Changing, Supplying and Eliminating Words and Phrases."

Thus, even if the General Assembly simply forgot to include in the Workers' Compensation Act a provision for a majority of commissioners to exercise the authority of the full commission, this Court may not add such language. It is for the General Assembly to write the statute; this Court merely interprets it.

Aside from these principles of statutory construction, our Supreme Court addressed a situation similar to this case in Dillon v. Davis, 201 Va. 514, 112 S.E.2d 137 (1960). A statute there stated a panel "shall" consist of five persons, but only four served. Id. at 519-20, 112 S.E.2d at 141. Although those four persons reached a unanimous decision, our Supreme Court held "a commission of five" to be "expressly required." Id. at 520, 112 S.E.2d at 141-42. The Court remanded the cases for consideration by a fully constituted panel. Id. at 521, 112 S.E.2d at 142. Likewise, here the Code states the commission "shall consist of three members." Code § 65.2-200(B). Without those three members, the commission was subject to a challenge to its authority to decide the cases before it.

Finally, the mandatory nature of a fully constituted commission becomes clear in light of the case law interpreting Code § 1-222. Code § 1-222 states: "Whenever authority is conferred by law to three or more persons, a majority of such persons shall have the power to exercise such authority, unless otherwise provided." Our Supreme Court has held a substantially identical predecessor to this statute simply authorizes a majority *of a fully constituted body* to exercise authority, unless otherwise provided. See Dillon, 201 Va. at 520, 112 S.E.2d at 142; Norfolk & W. Ry. Co. v. Virginian Ry. Co., 110 Va. 631, 645-46, 66 S.E. 863, 868 (1910).

In summary, whether the General Assembly purposefully, or inadvertently, failed to grant a majority of the commission the authority to decide cases on review, or to fill a vacancy on the commission for that purpose, is of no consequence. The result here is the same. The

commission lacked authority to hear the review requested by Hitt and, accordingly, any decision by that thus constituted reviewing body is voidable.

We emphasize that the commission's decision in this case was voidable, not void. The authority of the commission to exercise its subject matter jurisdiction was here compromised by its composition—a composition not authorized by statute.

Nonetheless, the commission is a "hybrid" governmental entity that possesses both policy-making and judicial responsibilities. See § Code 65.2-201(A); Williams v. Va. Elec. & Power Co., 18 Va. App. 569, 574, 445 S.E.2d 693, 696 (1994). We have referred to the commission as "like any other judicial or quasi-judicial entity." Cura Group, Inc. v. Workers' Comp. Comm'n, 45 Va. App. 559, 566, 612 S.E.2d 735, 738 (2005). We have also noted: "'The Commission, as a quasi-judicial body within the area of its jurisdiction, has the power of contempt . . . .'" Jeff Coal, Inc. v. Phillips, 16 Va. App. 271, 277, 430 S.E.2d 712, 716 (1993) (quoting Hudock v. Indus. Comm'n, 1 Va. App. 474, 481, 340 S.E.2d 168, 172 (1986)).

To the extent that the commission acts in its judicial capacity, we conclude that those precedents cited above—Porter, Morrison, Nelson, and Miller—are likewise applicable in this case.

Accordingly, while a challenge to the authority of the commission was subject to being waived, that challenge was not here waived. Rather, it was specifically raised to the commission by Hitt's motion to reconsider and vacate award. We have found that challenge well-founded. Thus, the case is reversed and remanded to the now properly constituted commission.

Reversed and remanded.