COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Kelsey and Petty
Argued at Alexandria, Virginia


HITT CONSTRUCTION AND
   ZURICH AMERICAN INSURANCE COMPANY
                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1630-09-4                        JUDGE ROBERT J. HUMPHREYS
                                                          MARCH 16, 2010
RICHARD JOHN EDWARD PRATT, JR.


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Virginia M. Sadler (John H. Carstens; Jordan, Coyne & Savits, LLP,
            on briefs), for appellants.

            M. Thomas McWeeny (Julie H. Heiden; Koonz, McKenney,
            Johnson, DePaolis & Lightfoot, LLP, on brief), for appellee.


        Hitt Construction and Zurich American Insurance Company (collectively, "employer"),

appeal a decision of the Workers' Compensation Commission ("the commission"), awarding

benefits to Richard John Edward Pratt, Jr. ("Pratt").  Employer contends that the commission

erred in awarding permanent partial disability benefits to Pratt, based on a condition "that was

neither claimed nor established to be related to the industrial accident within the limitations

period."  Employer further contends that the commission erred in finding that the cause of Pratt's

impairment was related to the industrial accident.  For the following reasons, we affirm the

commission.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of this appeal.  We view those

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

facts "in the light most favorable to the prevailing party before the commission." Central Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42 Va. App. 264, 269, 590 S.E.2d 631, 634 (2004).

On January 9, 2004, Pratt suffered a compensable injury while working as a carpenter for employer. Pratt attempted to catch a co-worker who was "sliding" and was struck on the right hand by a cart of drywall.[1] Pratt filed an initial claim for benefits, identifying the location of his injury as "R Hand." Immediately following his injury, Pratt sought treatment from Dr. Mark Scheer, an orthopedic surgeon. Pratt complained to Dr. Scheer of pain in his right hand and elbow. Dr. Scheer examined Pratt and diagnosed him with a sprained thumb and synovitis in his right hand.[2] Dr. Scheer explained that an EMG test of Pratt's arms "showed findings consistent with carpal tunnel" in both the left and right wrists. Pratt had not experienced carpal tunnel symptoms in his right wrist prior to the workplace accident, and has never experienced carpal tunnel symptoms in his left wrist. Dr. Scheer explained that he believed that the carpal tunnel in Pratt's right wrist became symptomatic as a result of the January 2004 workplace injury. Specifically, Dr. Scheer opined that Pratt's ongoing tingling, pain and numbness in his right arm *resulted directly from the workplace accident*.

On July 20, 2007, a deputy commissioner awarded Pratt permanent partial disability benefits for the 18% loss of the use of his right arm. The deputy commissioner specifically noted that, of the opinions given by three doctors, it gave "the greatest weight" to Dr. Scheer. The deputy commissioner specifically addressed employer's argument that Pratt's claim for benefits relating to carpal tunnel syndrome was unrelated and barred by the statute of limitations. The

---

[1] Pratt filed a timely claim for workers' compensation benefits, and ultimately received an award of temporary total disability benefits and an award of medical benefits in January of 2007. That award is not the subject of this appeal.

[2] Synovitis is an inflammation of the membrane that lines joints.

deputy commissioner explained that Pratt "*has made no claim specifically for carpal tunnel syndrome*," nor has he claimed that the carpal tunnel is a result of a workplace injury. Rather, Pratt merely seeks benefits relating to "the tingling, pain and numbness" in his right wrist that "resulted from an aggravation of [the pre-existing carpal tunnel syndrome]." Employer petitioned for review by the full commission.

On February 21, 2008, the commission unanimously upheld both the findings and opinion of the deputy commissioner. That same day, employer made a motion to reconsider and vacate the award on the basis that the commission was not properly constituted, and thus, its opinion was void. [3] The commission denied the motion, and employer appealed to this Court. On February 17, 2009, this Court vacated the commission's opinion and remanded the case back to a properly constituted commission for review. We held that "[t]he commission lacked authority to hear the review requested by [employer] and, accordingly, any decision by that thus constituted reviewing body is voidable." Hitt Constr. v. Pratt, 53 Va. App. 422, 434, 672 S.E.2d 904, 909 (2009). On remand, the commission again affirmed the findings of the deputy commissioner. Employer now appeals to this Court.

## I.  Statute of Limitations

Employer contends that Pratt's claim is barred by the statute of limitations. We disagree. Code § 65.2-601 provides that "[t]he right to compensation under [the Workers' Compensation Act] shall be forever barred[] unless a claim be filed with the Commission within two years after the accident." Corporate Res. Mgmt. v. Southers, 51 Va. App. 118, 127, 655 S.E.2d 34, 38 (2008) (*en banc*). "The statute of limitations in Code § 65.2-601 is jurisdictional." Id. Statutes

---

[3] Commissioner Tarr, the "employer's representative," resigned from his position on the commission on January 31, 2008. Due to the vacancy left by Commissioner Tarr, the commission's membership at the time of its February 21 opinion consisted of the two remaining commissioners and Chief Deputy Commissioner Szablewicz.

of limitations "are designed to suppress fraudulent and stale claims from being asserted after a great lapse of time, to the surprise of the parties, when the evidence may have been lost, the facts may have become obscure because of a defective memory, or the witnesses have died or disappeared." Street v. Consumers Mining Corp., 185 Va. 561, 575, 39 S.E.2d 271, 277 (1946). Though the question of "whether a claim is barred by the statute of limitations is a question of law," Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 284, 623 S.E.2d 433, 437 (2005), "[w]hether the information filed with the commission is sufficient to constitute a timely filed claim for a particular injury is a question of fact, and the commission's finding will not be disturbed on appeal if supported by credible evidence," Southers, 51 Va. App. at 127, 655 S.E.2d at 38.

Employer argues that Pratt did not file a claim for carpal tunnel syndrome within two years of the workplace accident and, thus, the statute of limitations bars Pratt's claim. However, employer's argument is fundamentally flawed. Contrary to employer's contention, Pratt does not claim that the workplace injury caused him to develop carpal tunnel syndrome. Rather, Pratt claims that the workplace accident, which injured his right hand, arm, and elbow, exacerbated his pre-existing carpal tunnel syndrome.

Pratt's original claim for benefits, which was timely filed, listed the location of his injury as "R Hand." Pratt sought continuous treatment for his right hand for over two years, until finally, Dr. Scheer discovered that Pratt's workplace accident had aggravated his pre-existing, and previously undiscovered, carpal tunnel syndrome. As was the case in Southers, "claimant's symptoms remained constant, and the only thing that changed was the diagnosis concerning the source of those symptoms . . . ." 51 Va. App. at 133, 655 S.E.2d at 41. Therefore, applying the statute of limitations in this case would be improper, just as it was in Southers.

Pratt's claim that he has a permanent partial disability is neither a new injury, nor a development separate and apart from his workplace injury. The evidence in the record demonstrates that Pratt's permanent disability is the same injury that he sought benefits for in his original claim, which was timely filed. Because credible evidence in the record supports the commission's finding, we will not disturb it on appeal.[4]

## II. The Relationship of the Permanent Disability and the Workplace Injury

Employer also argues that Pratt is not eligible for permanent partial disability benefits because his permanent disability was unrelated to his workplace injury. Employer claims that Pratt has not sufficiently proven that his carpal tunnel syndrome arose out of the workplace accident. However, employer again misses the fundamental point of Pratt's claim. Pratt did *not* claim before the commission, and does not claim now, that the workplace injury caused him to develop carpal tunnel syndrome. Pratt freely admits, and even presented expert testimony, that his carpal tunnel syndrome predated the workplace accident. Pratt simply claims that his workplace accident aggravated the carpal tunnel syndrome that already existed in his wrist.

The commission properly evaluated Pratt's claim as an aggravation of a pre-existing medical condition. This Court has previously held that, if a pre-existing condition is "accelerated or aggravated" by a workplace accident, the resulting disability is compensable. Corning, Inc. v. Testerman, 25 Va. App. 332, 339, 488 S.E.2d 642, 645 (1997). Pratt presented testimony from Dr. Scheer that the workplace accident aggravated his pre-existing, latent, carpal tunnel syndrome. The commission agreed with Pratt's doctor. Because evidence supports the

---

[4] Employer also argues that the commission erred because it made no specific factual finding that Pratt filed a claim for carpal tunnel syndrome within the statute of limitations period. However, at no point did employer file a motion for rehearing or reconsideration, so as to bring this alleged error to the attention of the commission. Absent such a motion by employer, we cannot consider this argument on appeal, as employer did not satisfy the contemporaneous objection requirement of Rule 5A:18. See Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 587 S.E.2d 546 (2003).

commission's finding, this Court is bound by that finding on appeal.  See WLR Foods v.

Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997).

Affirmed.