COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:  Judges Humphreys, Beales and Senior Judge Annunziata
Argued at Salem, Virginia

MELVIN L. LAYNE

OPINION BY
v.       Record No. 0756-13-3          JUDGE ROSEMARIE ANNUNZIATA
DECEMBER 17, 2013

CRIST ELECTRICAL CONTRACTOR, INC.
  AND ASSURANCE SERVICES CORPORATION

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Monica Taylor Monday (Matthew W. Broughton; Gregory D.
Habeeb; Robert E. Evans; Gentry Locke Rakes & Moore, on briefs),
for appellant.

Christopher M. Kite (Lucas & Kite, PLC, on brief), for appellees.


Melvin L. Layne (claimant) appeals a decision of the Virginia Workers' Compensation

Commission affirming the deputy commissioner's denial of claimant's request for benefits on a

finding that claimant willfully and knowingly violated a known safety rule.  Claimant cites three

errors in his challenge to the commission's denial of his objection, motion to vacate, and motion

to reconsider the March 20, 2013 review opinion:

> a. The Full Commission, as composed for review of this case,
> lacked authority to review the Deputy Commissioner's Opinion as
> only two of the three statutorily authorized Commissioners decided
> it.
>
> b. No statute authorized a retired Commissioner to participate in
> review of this decision, whether by designation or recall.
>
> c. A majority of the statutorily authorized Commissioners did not
> reach a decision in this case; the Commission lacked a necessary
> quorum for a majority decision.

The threshold issue in this appeal that we address first concerns the commission's authority to review cases before it in the absence of three commissioners who are authorized by statute to participate in review proceedings. For the reasons that follow, we reverse the decision of the full commission and remand for further proceedings.[1]

BACKGROUND

On January 19, 2009, claimant sustained injuries while employed with Crist Electrical Contractor, Inc. (employer) and he filed a claim with the commission.[2] At a hearing on the claim, employer agreed that claimant suffered an injury during the course of his employment, but defended the claim under Code § 65.2-306 and argued claimant was barred from receiving benefits because claimant willfully violated a known safety rule.

On August 24, 2011, a deputy commissioner denied claimant's request for benefits, finding that employer's safety procedure was reasonable, that claimant had knowledge of the procedure, and that claimant willfully and knowingly failed to follow the established procedure. Claimant appealed to the full commission.

On December 7, 2011, after written statements were filed, Chief Deputy Commissioner James J. Szablewicz sent a letter to claimant informing him that Commissioner Diamond had retired effective December 1, 2011. The parties were directed to inform the commission whether they objected to proceeding with a deputy commissioner appointed to serve on the review panel following Commissioner Diamond's retirement. On December 9, 2011, claimant filed an

---

[1] Claimant also cites as error the commission's finding that the employer met its burden of proving that claimant willfully violated a known safety rule under Code § 65.2-306. Since we reverse and remand for further proceedings, we will not address this assignment of error.

[2] Claimant was critically injured when he fell from a lift he was operating at the workplace. He suffered a severe brain injury that prevented him from testifying about the accident at the hearing.

objection and requested a review by three commissioners in accordance with Code §§ 65.2-704 and 65.2-705.

The review hearing proceeded with Commissioners Williams and Marshall and retired Commissioner Dudley comprising the panel. Although Commissioner Dudley had retired effective February 1, 2013, he was designated by the chairman of the commission to participate in the review. The panel issued its review opinion on March 20, 2013. Retired Commissioner Dudley and Commissioner Williams affirmed the deputy commissioner's opinion while Commissioner Marshall dissented, finding that the evidence did not support the willful misconduct defense because, at best, the evidence showed that claimant was negligent.

After the commission affirmed the deputy commissioner's decision, claimant filed a motion to vacate and objected to retired Commissioner Dudley's participation in the decision on the ground that he was not statutorily authorized to participate in the review. Claimant contended that, since three statutorily authorized commissioners had not participated in the review of his case, the review opinion reflected the absence of the necessary quorum for a majority decision. Claimant requested reconsideration of his claim by a properly constituted full commission. In denying claimant's motion to vacate and motion for reconsideration, the three active commissioners[3] found that participation in a review panel by a retired commissioner was proper, noting, however, the absence of express statutory authority for the recall of retired commissioners.[4] The commissioners based their decision on Code §§ 17.1-327 and 65.2-201.

---

[3] Commissioner Wesley Marshall had been selected in 2012 to replace Commissioner Diamond, and Commissioner R. Ferrell Newman had been selected in 2013 to replace Commissioner Dudley.

[4] Claimant contends that employer conceded this assignment of error because employer failed to address the issue in its brief as required by Rule 5A:21(d). In its brief, employer stated that it would undertake no independent commentary on the assignment of error beyond citing the commission's order denying claimant's motion to vacate. Concession is defined as "the admitting of a point claimed in argument." Webster's Third New Int'l Dictionary 470 (1993).

ANALYSIS

The commission is a creature of statute and derives its authority from the General Assembly. Kim v. Sportswear, 10 Va. App. 460, 471, 393 S.E.2d 418, 424 (1990). "[A]s such it is a matter of legislative prerogative as to the organization and authority of the . . . Commission." Id. By statute, the review of a deputy commissioner's award shall be before the full commission. Code § 65.2-705(A). The statute further states the commission is comprised of three members who are elected by the General Assembly. Code § 65.2-200(B). "Without those three [statutorily authorized] members, the commission was subject to a challenge to its authority to decide the cases before it." Hitt Constr. v. Pratt, 53 Va. App. 422, 433, 672 S.E.2d 904, 909 (2009).[5]

In addition to the provisions governing the organization and authority of the Workers' Compensation Commission, the Virginia Code contains provisions governing the method and circumstances under which a vacancy on the commission is to be filled.

Code § 65.2-200(C) provides:

> Whenever a vacancy in the Commission occurs or exists when the General Assembly is in session, the General Assembly shall elect a successor for the unexpired term. If the General Assembly is not in session, the Governor shall forthwith appoint pro tempore a qualified person to fill the vacancy for a term ending thirty days after the commencement of the next session of the General Assembly, and the General Assembly shall elect a successor for the unexpired term.

---

Employer's reference in its brief to the commission's written order denying claimant's motion to vacate is not a concession of claimant's assignment of error.

[5] In Hitt, this Court held that a decision by two commissioners and one deputy commissioner was not a properly constituted commission and their decision was voidable. Hitt, 53 Va. App. at 434, 672 S.E.2d at 909. This Court found that Code § 65.2-704(B) permitted the chairman to appoint a deputy to sit with the other commission members if a commissioner was absent or prohibited from sitting. Hitt, 53 Va. App. at 428, 672 S.E.2d at 906. Since the vacancy on the full commission was due to the retirement of a commissioner, this Court found that no statute granted the chairman the authority to appoint a deputy to sit with the two commission members. Id. at 428-29, 672 S.E.2d at 906-07.

In addition, Code § 65.2-705(D) states that "[w]hen a vacancy on the Commission exists, or when a member of the Commission is absent or is prohibited from sitting with the full Commission to hear a review, the Chairman may appoint a deputy commissioner to participate in the review."[6]

The General Assembly's intent in passing these statutes is made known by the "'plain and natural meaning of the words used.'" Gordon v. Ford Motor Co., 55 Va. App. 363, 370, 685 S.E.2d 880, 883-84 (2009) (*en banc*) (quoting Alcoy v. Valley Nursing Homes, Inc., 272 Va. 37, 41, 630 S.E.2d 301, 303 (2006)), aff'd, 281 Va. 543, 708 S.E.2d 846 (2011). "'When analyzing a statute, we must assume that "the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute."'" Rasmussen v. Commonwealth, 31 Va. App. 233, 238, 522 S.E.2d 401, 403 (1999) (quoting Frazier v. Commonwealth, Dep't of Soc. Servs., Div. of Child Support Enforcement ex rel. Sandridge, 27 Va. App. 131, 135, 497 S.E.2d 879, 881 (1998)).

Here, as acknowledged by the commission, the authority to designate or recall a retired commissioner to participate in a review hearing is not expressly provided by statute. Nonetheless, it denied claimant's motion to vacate and reconsider relying on the provisions of Code § 17.1-327 and Code § 65.2-201(A) to support its conclusion. Code § 17.1-327 provides for "the payment of services for retired judges, members of the State Corporation Commission and the Virginia Workers' Compensation Commission who are temporarily recalled for service." Code § 65.2-201(A) addresses the general duties and powers of the commission and provides that "[i]t shall be the duty of the Commission to administer this title and adjudicate issues and

---

[6] After our decision in Hitt, the General Assembly amended the Workers' Compensation Act, effective July 1, 2012, to permit the chairman to appoint a deputy commissioner to participate in review proceedings when there is also a vacancy on the commission. See Code § 65.2-705(D). The new law does not address the commission's authority to appoint a retired commissioner to participate in a review hearing.

- 5 -

controversies relating thereto. . . . The Commission shall make rules and regulations for carrying out the provisions of this title." We find the commission's reliance on these two statutory provisions to be misplaced.

We review the commission's construction of the statutes *de novo* on appeal. Thomas v. Commonwealth, 59 Va. App. 496, 500, 720 S.E.2d 157, 159 (2012). Accordingly, "we will withhold the deference we normally accord the commission's statutory interpretation of the Workers' Compensation Act when the commission's interpretation conflicts with the plain language of the statute." Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 248, 563 S.E.2d 368, 372 (2002).

The words comprising Code §§ 17.1-327 and 65.2-201, when accorded their plain meaning, are silent on the commission's authority to recall or designate a retired commissioner to serve in a review proceeding. Virginia courts "construe the law as it is written," Hampton Roads Sanitation Dist. Comm'n v. Chesapeake, 218 Va. 696, 702, 240 S.E2d 819, 823 (1978), and assume that "the legislature chose, with care, the words it used when it enacted the relevant statute," Barr v. Town & Country Props., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). A court may not adopt a construction of the statute that would amount to holding that the legislature did not mean what it has actually expressed. Advanced Marine Enters. v. PRC, Inc., 256 Va. 106, 125, 501 S.E.2d 148, 159 (1998).

The commission's conclusion that the provision for the payment of services for retired judges, members of the State Corporation Commission, and the Virginia Workers Compensation Commission who are "temporarily recalled for service" under Code § 17.1-327 [7] authorizes the recall or designation of a retired commissioner to participate in review hearings ignores the

---

[7] "Any justice, judge, member of the State Corporation Commission, or member of the Virginia Workers' Compensation Commission who is retired under the Judicial Retirement System . . . and who is temporarily recalled to service shall be reimbursed . . . ."

premise for payment under Code § 17.1-327, to wit, that one has been properly "temporarily recalled for service," the very question raised here. The materiality of that premise is reflected in other statutory provisions adopted by the legislature that expressly provide for the temporary recall of retired justices, judges and members of the State Corporation Commission,[8] and defining as well the terms of office and the duties that are to be exercised.[9] By implication, Code § 17.1-327 was not intended by the legislature to provide the authority for the commission to recall or designate a retired commissioner to serve on a review panel. See Hitt, 53 Va. App. at 429-30, 672 S.E.2d at 907 (finding that "[w]hen construing statutes, it is presumed that the

---

[8] The General Assembly enacted specific statutory provisions for the recall of retired judges with regard to other courts and a retired member of a commission. Code § 12.1-11.1(A) (members of the State Corporation Commission); Code § 16.1-69.22:1(A) (retired district court judges); Code § 17.1-106(A) (retired judges of a court of record); Code § 17.1-302(B) (retired justices of the Supreme Court of Virginia); Code § 17.1-401(B) (retired judges of the Court of Appeals of Virginia).

[9] For example, Code § 12.1-11.1(A) states that the State Corporation Commission may call upon and authorize a retired member to "perform, for a period not to exceed ninety days at any one time, such duties for the Commission that the Commission deems in the public interest for the expeditious disposition of its business." And Code § 12.1-11.1(C) states that "[a]ny member recalled to duty under this section shall have all the powers, duties, and privileges attendant on the position he is recalled to serve."

With respect to recalled justices and judges, Code § 17.1-106 provides:

> A. The Chief Justice of the Supreme Court may call upon and authorize any justice or judge of a court of record who is retired . . . either to (i) hear a specific case or cases pursuant to the provisions of § 17.1-105 such designation to continue in effect for the duration of the case or cases or (ii) perform for a period of time not to exceed ninety days at any one time, such judicial duties in any court of record as the Chief Justice shall deem in the public interest for the expeditious disposition of the business of the courts of record.
>
> *    *    *    *    *    *    *
>
> C. Any justice or judge recalled to duty under this section shall have all the powers, duties, and privileges attendant on the position he is recalled to serve.

absence of language, or a provision, in a body of legislation is purposeful, if potentially equally relevant language is included in a similar body of legislation").

In short, the General Assembly enacted legislation to authorize recalling retired members of the State Corporation Commission, and stated who can recall them, viz., the Commission, see Code § 12.1-11.1(A). Likewise, the General Assembly enacted legislation to authorize the recalling of retired judges, and stated who can do so, viz., the Chief Justice, or in the case of this Court, the Chief Judge. See Code § 16.1-69.22:1(A); Code § 17.1-106(A); Code § 17.1-302(B); Code § 17.1-401(B). The General Assembly has also enacted legislation to authorize the appointment of a deputy commissioner to sit on the Workers' Compensation Commission when there is a vacancy (or an active commissioner is absent or otherwise prohibited from participating), but the General Assembly has not enacted legislation authorizing retired members of the Workers' Compensation Commission to sit on the commission or defining who is to effect the recall.

We cannot presume the General Assembly intended to grant the commission the authority to recall or designate a retired commissioner to serve on a review panel. If the legislature had intended to do so, it could have said so, as it had in other statutes. See Martin v. Howard, 273 Va. 722, 726, 643 S.E.2d 229, 231-32 (2007) (finding that if the General Assembly had intended to impose upon a petitioner the burden of showing good cause that a tissue sample could be retrieved to establish parentage it would have so provided); Miller v. Commonwealth, 172 Va. 639, 649, 2 S.E.2d 343, 348 (1939) (finding that if the General Assembly had intended to make the possession of liquor in an unstamped container a crime of unlawful possession no matter whether the liquor was acquired legally or illegally it would have so provided). "'The Legislature is presumed to know what it intends to do and can do.'" Hitt, 53 Va. App. at 430, 672 S.E.2d at 907 (quoting Miller, 172 Va. at 649, 2 S.E.2d at 348). "'Interpretation of the

- 8 -

statute by comparison to other, similar statutes supports this result . . . showing that the General Assembly clearly knew how to [create such authority] . . . when it so desired.'" Id. (quoting Schwartz v. Schwartz, 46 Va. App. 145, 157-58, 616 S.E.2d 59, 66 (2005)).

Similarly, the commission's authority under Code § 65.2-201(A) to "administer this title" and to "make rules and regulations for carrying out the provisions of this title," cannot be enlarged to include the administration of provisions that are not expressly set forth in Title 65.2 or the power to recall or designate a retired commissioner to serve in review proceedings by rule or regulatory proceeding.[10] The General Assembly did not confer that authority on the commission, and none can be presumed.

Indeed, under Code § 65.2-705, the legislature established a procedure by which the commission can act in order to obtain assistance when the need arises by authorizing the commission chair to appoint a deputy commissioner to serve when a vacancy occurs or when a member of the commission is absent or is prohibited from sitting with the full commission to hear a review.[11] Had the General Assembly intended to provide the authority to recall or designate a retired commissioner to participate in review proceedings, it would have said so, as it did for deputy commissioners in Code § 65.2-705(D). Finally, we do not agree that Code §§ 17.1-327 and 65.2-201 conflict and must be harmonized. The two statutes are unrelated, deal

---

[10] Even if the commission had the authority under Code § 65.2-201(A) to promulgate a rule or regulation permitting the designation or recall of a retired commissioner to participate in a review proceeding, it did not exercise that authority in recalling and designating retired Commissioner Dudley to participate in a review hearing.

[11] Commissioner Newman's term began on March 1, 2013. Thus, and in the absence of any evidence in the record to the contrary, it appears that three active members of the commission were available to participate in the full commission review under Code § 65.2-705 – unless one of the active commission members was absent or prohibited from participating. In such a circumstance, the commission had before it the option of appointing a deputy commissioner to sit on the review. See Code § 65.2-705(D).

with entirely different subjects, and they do not conflict. No harmonization is required to effectuate the plain meaning of these different statutes.

In short, because the commission's "authority is a matter of legislative prerogative," Kim, 10 Va. App. at 471, 393 S.E.2d at 424, the commission is bound by the plain meaning of the words in Code §§ 65.2-200(C), 65.2-705(D), 17.1-327, and 65.2-201, which fail to provide the authority to recall or designate a retired commissioner to serve in a review proceeding. Furthermore, no statutory provisions specify the terms of any such recalled or designated commissioner, nor define the powers and duties that may be exercised. These omissions in the statutory scheme support the conclusion that the failure to provide the commission the authority to recall or designate a retired commissioner to participate in a review hearing was purposeful.

"[W]e emphasize that the commission's decision in this case was voidable, not void." Hitt, 53 Va. App. at 434, 672 S.E.2d at 909. However, claimant raised a timely objection to the composition of the review panel, as constituted under Code § 65.2-705, in his motion for reconsideration, which the full commission denied. Therefore, "while a challenge to the authority of the commission was subject to being waived, that challenge was not here waived." Hitt, 53 Va. App. at 434, 672 S.E.2d at 909. Under these circumstances, we find that this matter was not heard before a properly constituted full commission - and that the decision must be reversed.

CONCLUSION

For the foregoing reasons, we reverse and remand for a review by a properly constituted commission.

Reversed and remanded.

- 10 -